UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IKENNA NJOKU,<br><br>              Plaintiff,<br><br>   v.<br><br>AUBURN WATER DEPARTMENT,<br><br>              Defendant. | CASE NO. C22-1846 MJP<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

This matter comes before the Court on Plaintiff's Response to the Court's Order to Show Cause. (Dkt. No. 7.) In its Order to Show Cause, the Court noted that Plaintiff's complaint failed to provide sufficient allegations of subject matter jurisdiction. (Order to Show Cause at 1-2 (Dkt. No. 6).) The Court pointed out that Plaintiff failed to show the Court had diversity jurisdiction because the parties were both citizens of Washington. (Id. (citing 28 U.S.C. § 1332(a)).) In response to the Order to Show Cause, Plaintiff abandons his assertion of diversity jurisdiction. Instead, he suggests that Defendant engaged in "abusive, deceptive and unfair behavior" that violated the Fair Debt Collection Practices Act (FDCPA). Though vague, Plaintiff appears to

suggest that Defendant violated State law by foreclosing on his property for past-due amounts that could not be collected. (Resp. at 1 (Dkt. No. 7).) The original complaint does not contain sufficient allegations to support this claim under the FDCPA. Liberally construing Plaintiff's Response to the Order to Show Cause as a request to amend to assert an FDCPA claim, the GRANTS Plaintiff leave to amend the complaint. Successfully asserting a claim under the FDCPA or another federal cause of action could confer subject matter jurisdiction under the Court's "original jurisdiction." See 28 U.S.C. § 1331.

To state a claim under the FDCPA, the plaintiff must establish that (1) the plaintiff is a consumer, (2) who was the object of a collection activity arising from a debt, (3) the defendant is a debt collector, and (4) the defendant violated a provision of the FDCPA. See Turner v. Cook, 362 F.3d 1219, 1227-28 (9th Cir. 2004); see also 15 U.S.C. § 1692e (FDCPA provision prohibiting false, deceptive, or misleading representations in the collection of a debt); 15 U.S.C. § 1692f (FDCPA provision prohibiting debt collectors from using any "unfair or unconscionable means to collect or attempt to collect any debt"). Plaintiff must provide sufficient, plausible allegations that Defendant's conduct violated these elements of the FDCPA. See Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055 (9th Cir. 2011); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8(a). Plaintiff should be aware that debt collection practices in violation of state law are not per se violations of the FDCPA. Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996). But "[s]uing to collect on an unenforceable debt is patently unfair to the consumer." Kaiser v. Cascade Cap., LLC, 989 F.3d 1127, 1133 (9th Cir. 2021).

The Court GRANTS Plaintiff leave to amend his complaint to assert a claim under the FDCPA or to assert claims over which the Court has subject matter jurisdiction. Plaintiff shall have 30 days from entry of this Order to file an amended complaint. The Court will then review

the amended complaint to determine whether Plaintiff has sufficiently stated a claim under the FDCPA or any other cause of action over which the Court has subject matter jurisdiction. The Court also warns Plaintiff that failure to file an amended complaint within 30 days may lead to dismissal of this action for failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b).

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated January 26, 2023.

Marsha J. Pechman
United States Senior District Judge

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND - 3